**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**


RICHARD L. DAVIS,                    )
                                     )
        Movant,                      )
                                     )
    v.                               )         No. 4:07-CV-45 CAS
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Richard L. Davis's motion under 28 U.S.C.

§ 2255 to vacate, set aside or correct his sentence (Doc. 1), the government's Response (Doc. 5),

and movant's Reply (Doc. 6). Movant was granted leave to file a Supplemental Motion (Doc. 10).

The government filed a response (Doc. 11), and movant filed a reply (Docs. 14, 15). The matter is

fully briefed and ready for decision. For the following reasons, the Court will deny the motion, as

supplemented.

### Background

On August 7, 2002, movant was indicted on one count of possession with intent to distribute

cocaine base, in violation of 21 U.S.C. § 841(a)(1). Movant's trial began on March 5, 2003 and the

case was presented to the jury on March 10, 2003. The jury was read the Allen Charge[1] on March

12, 2003 and reached a verdict approximately four hours later, finding defendant guilty. The Court

granted defendant's motion for new trial on May 30, 2003. The government sought an interlocutory

appeal and the Eighth Circuit Court of Appeals reversed the grant of a new trial and remanded for

---

[1] An Allen Charge is a supplemental jury instruction that advises deadlocked jurors to reconsider and attempt to reach a verdict. Allen v. United States, 164 U.S. 492, 501 (1896); United States v. Walrath, 324 F.3d 966, 970 (8th Cir. 2003).

sentencing.  See United States v. Davis, 367 F.3d 787 (8th Cir. 2004).  Following remand, the Court sentenced defendant on June 15, 2004 to a mandatory minimum term of 240 months imprisonment and ten years supervised release.

Movant filed a timely appeal of the criminal conviction.  Movant raised three issues on appeal: (1) he was entitled to a new trial as a result of the prosecutor's improper argument; (2) he did not have a qualifying prior felony conviction to support the mandatory minimum sentence; and (3) the sentencing facts relating to his prior conviction should have been submitted to a jury.  The Eighth Circuit affirmed on August 8, 2005.  United States v. Davis, 417 F.3d 909 (8th Cir. 2005), cert. denied, 546 U.S. 1144 (2005).

In the § 2255 motion now before the Court, movant asserts multiple claims that fall into three categories: ineffective assistance of counsel, prosecutorial misconduct, and trial court error.  The Court will address each claim in turn.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has stated that "a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).  "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief."  Poor Thunder v.

United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

"A defendant is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the defendant is not entitled to relief. United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (internal punctuation and quoted case omitted). "A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

**I**.

In the first ground of his § 2255 motion, Davis asserts five claims for relief based on ineffective assistance of counsel, summarized as follows:

> Ineffective assistance of counsel because trial counsel (1) failed to call an exculpatory eyewitness, Therrie Harris, to testify on movant's behalf; (2) failed to move for discovery, for the production of exculpatory Brady evidence, and Jencks material; (3) failed to move that the jury be permitted to view the crime scene; (4) failed to interview police witnesses before trial; and (5) failed to consult with movant about whether movant wished to seek a petition for writ of certiorari from the United States Supreme Court with respect to the Eighth Circuit's decision overturning the grant of a new trial.

**A**.

Movant's first ground is that his attorney, N. Scott Rosenblum, was ineffective for failing to call Therrie Harris to testify for the defense at trial. Movant asserts that Mr. Harris would have testified that the crack cocaine movant was accused of distributing actually belonged to another

individual, Anthony Chaney. Movant states that his attorney knew Mr. Harris's testimony would have caused the jury to find him not guilty, but failed to call him to testify. In support of his motion, movant submits Mr. Harris's affidavit, which states that he was with movant on the night in question, they went to Anthony Chaney's hotel room at the Chase Park Plaza Hotel, Chaney was in the kitchen bagging up crack cocaine, movant went to the other room and sat to watch television, and the crack cocaine did not belong to movant and was never in movant's possession.

In opposing this ground, the government asserts that defense counsel's failure to call Mr. Harris as a witness was a matter of trial strategy, citing defense counsel's affidavit submitted with its response. Mr. Rosenblum's affidavit states that he interviewed Mr. Harris and determined not to call him as a defense witness following the interview, and concludes, "Affiant[']s trial strategy sought to place blame for the drugs on the other individual in the hotel room, and to depict [movant] as a victim of circumstance who had nothing whatsoever to do with the drugs." Rosenblum Aff., ¶ 6. The government states there was evidence at trial that Mr. Harris was a convicted felon for a drug-trafficking crime, and it may be assumed that had he appeared at trial, he would have been appointed an attorney who would have advised him not to testify. Further, the government asserts that if Mr. Harris had testified, there is no reason to expect the jury would have believed him any more than they believed movant's testimony that he never possessed the crack cocaine.

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds

v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, a movant "must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002) (citing Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," a court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

To establish prejudice from counsel's failure to investigate potential witnesses, a movant must show that the witnesses would have testified and that their testimony would have probably changed the outcome of the trial. Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996) (discussing claim under 28 U.S.C. § 2254) (citing Stewart v. Nix, 31 F.3d 741, 744 (8th Cir. 1994)); Brown v. United

States, 656 F.2d 361, 364 (8th Cir. 1981) (§ 2255 movant must allege facts to support claim of failure to investigate); see also Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.) (appellant who filed a § 2254 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by Strickland), cert. denied, 493 U.S. 898 (1989).

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (internal marks and cited cases omitted); see also Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996) (noting that under Strickland, "decisions related to trial strategy are virtually unchallengeable"), cert. denied, 520 U.S. 1128 (1997).

Movant did not submit any evidence that Mr. Harris was available and willing to testify at movant's trial.[2] Mr. Harris's affidavit does not address this issue. All movant offers is his own unsupported assertion that Mr. Harris would have testified. This is insufficient. See Hadley, 97 F.3d at 1135. Moreover, even if there was evidence that Mr. Harris would have testified, the ground is without merit. Movant asserts that Mr. Harris would have testified that the crack cocaine belonged to someone else and was not in movant's possession. Movant's attorney's decision not to call Mr. Harris after interviewing him does not fall outside the wide perimeter of protection offered to decisions of trial strategy. Testimony from Mr. Harris might have provided some benefits, but given the matters described below, it was not objectively unreasonable for movant's attorney to decide that the potential costs of calling the witness outweighed the potential benefits.

---

[2]Although movant states in his Reply memorandum (Doc. 6) that Mr. Harris was a "'willing' eye witness" who was "willing to state the truth about Mr. Davis not having the cocaine in his possession," id. at 2, the Reply is not signed under penalty of perjury and movant's statement therein cannot be accepted as evidence.

As the government notes, Mr. Harris had a felony conviction for a drug trafficking crime. It is likely that if Mr. Harris had appeared at trial to testify, the Court would have appointed an attorney for him, and the appointed attorney would have advised Mr. Harris to invoke his Fifth Amendment right against self-incrimination when called to testify. If Mr. Harris had testified, the prosecutor's cross-examination of Mr. Harris would likely have greatly diminished the value of his testimony, because Mr. Harris's conviction would have been suitable material for impeachment pursuant to Federal Rule of Evidence 609(a). In addition, any claim by Mr. Harris, a felon convicted on drug trafficking charges, that movant was not in possession of the crack cocaine would have been contradicted by the eyewitness testimony of the police officers. The Eighth Circuit noted that the "government presented strong evidence of [movant's] guilt" in this case. Davis, 417 F.3d at 912.

Further, as the Eighth Circuit has observed, "Impeachment specifics aside, there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her." Staples, 410 F.3d at 489. As Mr. Harris would have faced a vigorous cross-examination, there is a definite possibility he would not have held up well as a witness. In addition, having Mr. Harris testify on movant's behalf would have placed movant inside the hotel room with a felon convicted of a drug trafficking crime, in order to visit another individual who was allegedly in the process of bagging up crack in the hotel room kitchen. Such evidence concerning movant's associates at the time and place in question would necessarily detract from movant's trial strategy that he was an innocent bystander to drug activity.

In light of movant's failure to establish that Mr. Harris would have testified on his behalf, the deferential presumption in favor of an attorney's trial strategy, the prospects for impeachment, and

the risk inherent in calling any witness, the Court concludes that movant's attorney did not perform in an objectively unreasonable manner by deciding not to call Mr. Harris as a witness after interviewing him. Because the Court concludes that movant's attorney's performance was not unreasonable, it need not address the question of whether his performance prejudiced movant's defense. Accordingly, this ground should be dismissed.

**B**.

Movant's second ground is that his attorney was ineffective for failing to move for discovery, for the production of exculpatory <u>Brady</u> evidence,[3] and to obtain Jencks Act material.[4] Specifically, movant asserts that (1) the government offered testimony about statements made by movant to the police officers, but this information was not presented to the defense before trial, and (2) photographs of the crime scene were taken the week before trial which supported movant's theory of the case that the police fabricated evidence, but the photos were not turned over to movant's attorney until the prosecution presented its case. Movant asserts that as a result, "There was no time to prepare for how to treat all of the 'extra' statements and the 'room pictures' that were not turned over before trial even if they benefited the defense." Movant's Mem. Supp. at 10.

Movant also identifies twelve statements allegedly made by him to Officer Boone, which movant claims the defense learned of only during trial and had no time to defend against: "a buy on the north; information on drug dealers; a warehouse; U-haul truck with cocaine; directions to

---

[3]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, make clear that the government must provide a defendant with exculpatory evidence.

[4]Under Federal Rule of Criminal Procedure 26.2, which incorporates the Jencks Act, 18 U.S.C. § 3500(b), the defendant may discover a government witness's pretrial statements after the witness has testified on direct examination if the statements are in the government's possession and relate to the subject matter of the witness's testimony.

warehouse; information that David was previously at the warehouse; Sergeant Boone's note; armed guard; multiple kilos a friend of his has; conversation on a cell phone; Dude on the north sold heroin; etc." Movant's Mem. Supp. at 11 (citations to record omitted). Movant does not state how these statements affected the outcome of the trial. In addition, movant does not assert that any of these statements were exculpatory, or that they contradicted a government witness's pretrial statements. Movant makes the conclusory assertion as a result of the introduction of these statements, he received "clearly ineffective assistance" of counsel.

The government responds that movant's original defense counsel, the Federal Public Defender, made a motion for discovery and the government provided all the discovery it had. The government states it learned of one additional statement by movant to police made after his arrest, and notified defense counsel of this statement in writing on the same day the government learned of it, February 28, 2003, five days prior to trial.[5] The government states that defense counsel did not move to exclude the statement and only objected to it when testimony concerning the statement began. The government asserts that it was apparent from defense counsel's cross-examination that it was a conscious decision of defense strategy to use the late disclosure of the statement to impeach the witness and question his credibility.

Mr. Rosenblum avers in his affidavit that it was his understanding the public defender filed a motion for discovery in the case, it is the local custom in this district that when the prosecutor suggests it is an "open file" case all discovery will be turned over, and to his knowledge, the government disclosed all information and reports to the defense. Rosenblum Aff., ¶¶ 4, 7. Mr. Rosenblum avers that Officer Boone testified to statements that were not in the police report, which

---

[5]The government asserts that the twelve statements referred to by movant were all part of one statement given by movant to Officer Boone.

were allowed into evidence over defense objection, and was cross-examined at length over these statements. Id., ¶ 4. Mr. Rosenblum states his belief that the prosecutor did not possess the statements attributed to movant until the statements were testified to by Officer Boone. Mr. Rosenblum further avers that he has tried hundreds of jury trials and "feels he is more than accomplished in cross examining witnesses who testify in a manner different than their police reports," and cross-examined Officer Boone at length over the statements attributed to movant but not contained in discovery. Id., ¶¶ 4, 7.

Exhibit 4 attached to movant's § 2255 motion is a letter from Mr. Lee Lawless, the Assistant Federal Public Defender who initially represented movant, to the prosecutor requesting pretrial disclosure of evidence and information. The letter contains twenty-three separately numbered paragraphs seeking different types of evidence, including any and all written, oral or recorded statements made by the defendant, co-defendants and co-conspirators (named and unnamed); Brady and Jencks materials; the grand jury testimony of all witnesses who would testify for the government at trial; descriptions of and access to any documents, photographs, objects or places material to preparation of the defense or which the prosecution intends to use at trial; and information concerning any hearsay statements the government intended to introduce at trial. Ex. 4, Lawless Letter of Aug. 23, 2002.

Exhibit 5 to movant's § 2255 motion is a letter from Antoinette Decker, the prosecutor, to Mr. Lawless in response to the discovery request. The letter states that the government gave defense counsel a discovery packet at movant's arraignment which "contained all the discovery that currently exists in the case." Ex. 5, Decker Letter of Aug. 26, 2002. The letter also stated, "When additional materials become available, I will provide them to you as I receive them." Id.

"Defense counsel must make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation[.]" <u>Kramer v. Kemna</u>, 21 F.3d 305, 309 (8th Cir. 1994) (citing <u>Strickland</u>, 466 U.S. at 691). The Court does not need to weigh counsel's performance against the first of <u>Strickland</u>'s two considerations, however, if it finds that movant has failed to demonstrate how he might have been prejudiced by his counsel's claimed lack of diligence. <u>Strickland</u> at 697.

Movant has not made the substantial showing required of him in this case. With respect to his assertion that Mr. Rosenblum did not file motions for discovery, <u>Brady</u> and Jencks Act material, there can be no prejudice because movant's initial defense counsel made a broad request for discovery, to which the government responded by stating that it had turned over all of the evidence it had at that point and would turn over additional evidence as it was discovered. If movant's statements were not turned over to the defense until trial, it was not because his subsequent attorney did not make a separate discovery request. Further, movant has not identified any <u>Brady</u> or Jencks Act material that should have been discovered or explained how the discovery of such material would have affected the outcome of the trial.

With respect to the statement or statements that movant contends were not turned over to his counsel until the time of trial, movant fails to indicate how the outcome of the trial would have been different if his counsel had known earlier that these statements would be introduced into evidence. Movant only states that if his "counsel would of [sic] motioned for discovery, exculpatory (Brady) evidence and Jencks Material there wouldn't have been so many violations." Movant's Mem. Supp. at 11. None of the statements appear to be exculpatory, and to the extent they were not contained in discovery, the testifying officer was cross-examined at length about this discrepancy.

As discussed above, original defense counsel made a broad request for discovery, and there can be no prejudice based on subsequent counsel's failure to make a second request for discovery of such statements. As a result, movant cannot establish prejudice.

Similarly, with respect to photographs of the hotel room which movant asserts were favorable to the defense, movant fails to indicate how the outcome of the trial would have been different if the photographs had been provided to his attorney sooner. The discovery request submitted by movant's public defender sought the production of any photographs material to the defense or to be used by the prosecution at trial, and there can be no prejudice to movant arising from subsequent counsel's failure to make a second request for the discovery of photographs. Accordingly, these grounds should be dismissed.

## C.

Movant's third ground is that his counsel was ineffective for failing to file a motion to have the jury visit the crime scene. Movant states that a key issue in the case was whether it was possible for the police officers to view, from the vantage point of the hotel room door, the table where the alleged money and marijuana were found. Movant asserts that filing such a motion would have allowed the jury to "view the room itself and decide if it was possible to see the table in clear view from the door" and "see for themselves if the furniture was recently moved by seeing the carpet indentations." Movant's Mem. Supp. at 22. Movant states that this evidence would have addressed whether the police officers lied on the witness stand. The government does not address this issue other than to remark that movant "does not say how these actions prejudiced him." Gov't Response at 3, n.3.

The Court concludes that movant cannot show prejudice on this ground. First, the Court would have denied a motion to have the jury visit the hotel room crime scene. Counsel will not be deemed ineffective for failing to file a meritless motion. Second, movant stated elsewhere in his § 2255 motion that accurate photographs of the hotel room were shown to the jury, and that the photographs were "100% proof that the Officer's [sic] were all lying when they said they could see the money and marijuana in 'plain view' on the table from the door." Movant's Mem. Supp. at 14. The jury therefore had an evidentiary basis on which to make a determination as to whether the officers lied, as argued by movant's counsel, when they testified they could see from the door the table on which money and drugs were found. Accordingly, this ground should be dismissed.

**D**.

Movant's fourth ground is that his counsel was ineffective for failing to interview the police officers before trial, so that he would have known about all of the "extra" statements movant allegedly made and would have had time to present an appropriate defense, or secure a plea agreement. The government responds that movant fails to allege prejudice.

In federal criminal proceedings, the government and the defense generally have an equal right to interview witnesses before trial. United States v. Bittner, 728 F.2d 1038, 1041 (8th Cir. 1984). Witnesses can refuse to be interviewed, however, and a defendant's right of access is not violated when witnesses choose, of their own volition, not to speak with a defense attorney. Id. Movant does not assert, much less offer proof, that any of the police officers would have agreed to be interviewed by his attorney prior to trial. In addition, movant has failed to allege prejudice--he does not establish how the outcome of the trial would have been different had his counsel interviewed the police officers

prior to trial. As previously stated, the testifying officer was cross-examined at length regarding why the statements were not contained in discovery. Accordingly, this ground should be dismissed.

## E.

In the supplemental motion, movant asserts that his counsel was ineffective for failing to file a petition for certiorari with the United States Supreme Court seeking review of the Eighth Circuit's ruling which reversed this Court's grant of a new trial, and in failing to ask movant if he wanted counsel to file a petition for certiorari.

"The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings." Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008) (citing Ross v. Moffitt, 417 U.S. 600, 610-11 (1974); Scott v. United States, 473 F.3d 1262, 1264 (8th Cir. 2007)). "Due process guarantees a criminal defendant a constitutional right to counsel for [his] first appeal, Douglas v. California, 372 U.S. 353, 357-58 (1963), and that right encompasses the right to effective assistance of counsel, Evitts v. Lucey, 469 U.S. 387, 396-400 (1985)." Steele, 518 F.3d at 988 (parallel citations omitted).

The Eighth Circuit has explained, however, that due process does not guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. Steele, 518 F.3d at 988 (citing Ross, 417 U.S. at 617-18; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.")); see also 28 U.S.C. § 1254 (writ of certiorari is discretionary). Because the right to effective assistance of counsel is derived solely from the right to appellate counsel guaranteed by the right to due process, Wainwright v. Torna, 455 U.S. 586, 587-88 (1982), a litigant such as movant without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel."

14

Id.; see also Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). In the absence of a constitutional right to the effective assistance of counsel, movant's § 2255 claim for ineffective assistance for failure to file a petition for certiorari, or to consult regarding the same, cannot succeed. See Steele, 518 F.3d at 988.

Further, even if movant had the right to counsel to file a certiorari petition, he would have to show that he suffered prejudice from his attorney's failure to file a petition in order to establish a claim for ineffective assistance of counsel. See Steele, 518 F.3d at 988 (citing Strickland, 466 U.S. at 691). Movant would have to show not only that he would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that he would have obtained relief on the issue of a new trial. See id. at 989. Movant has not shown either requisite, but rather only makes the conclusory assertion that "[t]here was at least a good possibility the Supreme Court may have reinstated his motion for a new trial as it was a closely contested issue." Suppl. § 2255 at 2. Accordingly, this ground is denied.

Finally, movant argues that his counsel's errors as raised in the five grounds of the § 2255 motion, considered cumulatively, constitute ineffective assistance of counsel sufficient to entitle him to relief. The Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief." United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008). Further, as discussed above, the Court has concluded that each of the individual grounds is without merit. Movant's assertion of cumulative error is therefore denied.

## II.

Movant's second category of grounds alleges prosecutorial misconduct, as follows: "The Prosecution and Police failed to turnover [sic] discovery, exculpatory (Brady) evidence, and Jencks Material; and allowed false information in trial." § 2255 Mot. at 5. In connection with this ground, movant states that Officer Boone failed to disclose to the prosecution the twelve statements allegedly made by movant prior to trial and the photographs of the hotel room discussed above. Movant also asserts that the prosecution failed to obtain from the police or failed to disclose to the defense these same statements and photographs, as well as discovery pertaining to Anthony Chaney's cooperation with the government in another case, United States v. White, et al., 4:02-CR-606 SNL (E.D. Mo.), because the police wanted movant to cooperate in the White case but he refused to do so. Movant asserts that the information concerning Chaney would have supported movant's truthful trial testimony that "the Police only pinned the 'crack cocaine' on him after he refused to cooperate on the 'big case.'" Movant's Mem. Supp. at 15.

A movant attacking a sentence cannot raise non-constitutional or non-jurisdictional issues if the issues could have been raised on direct appeal but were not. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the movant can demonstrate either cause for the default and actual prejudice, or actual innocence. Id.

"An exception to this general prohibition exists where the alleged error constitutes a fundamental defect that results in a "complete miscarriage of justice." United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985). The actual innocence exception to procedural default "applies only when a [movant] shows by clear and convincing evidence that, but for the alleged constitutional error,

no reasonable juror would have found the petitioner guilty." <u>Anderson</u>, 25 F.3d at 706-07. "The exception only applies to claims of factual innocence as opposed to legal innocence." <u>Id.</u> at 707. Specifically, a movant claiming actual innocence must show that: (1) his allegations of constitutional error are supported by new reliable evidence that was not presented at trial; and (2) it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1351 (8th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1093 (1998). The fundamental miscarriage of justice exception is to remain rare and only be applied in the extraordinary case, reserved solely for those who are "truly deserving." <u>Id.</u> at 1351 (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 321-22 (1995)).

The instant grounds could have been raised on direct appeal. Due process requires that the government to disclose information that is material to the defense, <u>Clay v. Bowersox</u>, 367 F.3d 993, 1000 (8th Cir. 2004), so movant does assert a constitutional claim. Movant has not, however, shown cause and actual prejudice to excuse his failure to raise the police and prosecutorial misconduct claims on direct appeal. <u>See</u> <u>Frady</u>, 456 U.S. at 168. In addition, movant has not presented new evidence tending to establish that he is actually innocent of the crimes for which he was sentenced. <u>See</u> <u>Schlup</u>, 513 U.S. at 327. As a result, the police and prosecutorial misconduct grounds are procedurally barred and will be denied on that basis.

Even if the grounds were not procedurally barred, and assuming that the prosecution failed to disclose movant's statement, the photographs and evidence concerning Chaney's cooperation in another case, the question is whether that evidence was material. The materiality standard under <u>Brady</u> is the same as the prejudice standard under <u>Strickland</u>–whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would

have been different." Clay, 367 F.3d at 1000 (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995).

The Court concludes that the information was not material. As to movant's statements and the photographs, the Court has concluded that movant cannot establish prejudice under Strickland, and therefore he cannot establish materiality under Brady. As to evidence concerning Anthony Chaney's cooperation in another case, movant also fails to establish prejudice or materiality. As a threshold matter, movant asserts that information was available concerning Chaney's cooperation as of the time of movant's trial on March 5, 2003, because Chaney was indicted on December 5, 2002. § 2255 Mot. at 15. Movant also asserts that the prosecution could have turned over information concerning Chaney without harming "there [sic] big case" because Chaney's case was already over. Id. at 15-16. However, as stated in movant's motion and reflected in the docket sheet of White, 4:02-CR-606 SNL (E.D. Mo.), Chaney did not enter into a plea agreement with the government until October 7, 2003 (Docs. 428, 429), some seven months after movant's trial, and was not sentenced until April 15, 2004. Therefore, movant's assertion that evidence was available in March 2003 concerning Chaney's cooperation is not only unsupported, but also contradicted by the record.

Furthermore, movant has not established that the outcome of his case would have been different had the jury been provided with evidence concerning Chaney's cooperation in another case. Movant does not identify exactly what the Chaney information is, apart from the mere fact of Chaney's cooperation in another case, or explain how that fact would have supported movant's testimony that the police "pinned the 'crack cocaine' on him after he refused to cooperate on the 'big case.'" § 2255 Mot. at 15. Movant has not shown a reasonable probability that the result of his trial

would have been different if the information had been provided to the defense.  See Bagley, 473 U.S. at 682.  Movant's vague assertions do not serve to undermine confidence in the outcome of his trial. This ground should therefore be dismissed.

**III**.

Movant's final ground asserts trial court error, as follows:  "Judge abuses his discretion for not calling for a 'Mistrial,' or new trial, due to violations in discovery, exculpatory (Brady) evidence, and the Jencks Act; plus he allowed perjured testimony by the Police Officer's [sic]." § 2255 Mot. at 5.  Movant also asserts that the Court abused its discretion by giving the "Allen Charge" to the jury.  Id. at 6.

Movant's grounds concerning the Court's failure to declare a mistrial on its own motion, allegedly allowing perjured testimony, and abusing its discretion by giving an Allen Charge, raise non-constitutional claims and therefore are not cognizable in this § 2255 proceeding because they should have been raised on direct appeal.  See Anderson, 25 F.3d at 706.  To the extent these grounds could be considered to raise constitutional issues, movant has not shown cause and actual prejudice to excuse his failure to raise them on direct appeal.  See Frady, 456 U.S. at 168.  The grounds should therefore be dismissed.

**Request for Hearing**

Movant appears to request an evidentiary hearing on his motion to vacate.  "A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory."  Evans v. United States, 200 F.3d 549, 551 (8th Cir. 2000).  The Court concludes that no hearing is required because

some of movant's allegations, accepted as true, would not entitle him to relief, and the remainder are either contradicted by the record or are conclusory. Accordingly, movant's request for an evidentiary hearing will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, as amended by the AEDPA, "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) ("The question [on the certificate of appealability determination] is the debatability of the underlying constitutional claim, not the resolution of that debate.").

When a district court dismisses the petition based on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Upon careful review of the record, the Court finds movant has not demonstrated that reasonable jurists would (1) find the Court's assessment of the constitutional claims debatable or wrong; or (2) find it debatable whether the Court was correct in its procedural rulings, and therefore the Court does not reach the issue whether reasonable jurists would find it debatable that the petition

states a valid claim of the denial of a constitutional right.  See Slack, 529 U.S. at 484-85.  The Court therefore concludes movant is not entitled to a certificate of appealability on his claims.

**Conclusion**

For the reasons stated above, the Court finds that movant Richard Davis is not entitled to an evidentiary hearing or to relief on his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, as all of his claims for relief fail on the merits or are procedurally barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant Richard Davis's motion under 28 U.S.C. § 2255, as supplemented, is **DENIED**.  [Doc. 1, 10]

**IT IS FURTHER ORDERED** that movant Richard Davis has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims.  See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this _31st_ day of August, 2009.